Matter of 219 W. 81st Residential Holdings, LLC v New York State Div. of Hous. & Community Renewal (2021 NY Slip Op 02091)





Matter of 219 W. 81st Residential Holdings, LLC v New York State Div. of Hous. & Community Renewal


2021 NY Slip Op 02091


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Gische, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 161989/19 Appeal No. 13518 Case No. 2020-02478 

[*1]In the Matter of 219 West 81st Residential Holdings, LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, et al., Respondents-Respondents.


Rosenberg & Estis, P.C., New York (Jeffrey Turkel of counsel), for appellant.
Mark F. Palomino, New York (Anita Shia of counsel), for New York State Division of Housing and Community Renewal, respondent.
Himmelstein, McConnell, Gribben, Donoghue & Joseph LLP, New York (William Gribben of counsel), for 219 W. 81st Tenants Assoc., respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered May 13, 2020, which denied the petition brought pursuant to CPLR article 78 to annul a determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated November 6, 2019, denying petitioner's application to vacate, in full, rent reductions previously granted to tenants of its rent-controlled and rent-stabilized units, unanimously affirmed, without costs.
DHCR's determination that several windows in the hallways on six different floors were not repaired after it ordered rent reductions due to 25 defective windows and that the condition was not de minimis because the windows were "in areas used by tenants" (9 NYCRR 2202.16[g][25]; 2523.4[e][25]) was not arbitrary and capricious (see CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, N.Y., 34 NY2d 222, 230-231 [1974]). "[I]t is for the [DHCR] to determine what constitutes a required service and whether that service has been maintained," and "[i]n making such a determination, the DHCR is entitled to rely upon the reports of its inspectors" (Matter of Sherman v Commissioner, N.Y. State Div. of Hous. & Community Renewal, 210 AD2d 486, 487 [2d Dept 1994] [internal quotation marks omitted]; accord Matter of Melohn v New York State Div. of Hous. & Community Renewal, 234 AD2d 23, 24 [1st Dept 1996]).
Petitioner's theory that DHCR failed to adhere to its own precedent is unpreserved (see Matter of Rizzo v New York State Div. of Hous. & Community Renewal, 16 AD3d 72, 75 [1st Dept 2005], affd 6 NY3d 104 [2005]) and in any event, is unavailing. Petitioner failed to demonstrate that the one administrative case it cited, involving two defective hallway windows, established a rule from which the instant order deviated or that the facts were indistinguishable from those in this case. The procedural posture of this proceeding is also distinguishable (see Matter of 20 Fifth Ave., LLC v New York State Div. of Hous. & Community Renewal, 109 AD3d 159, 163 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021